## DAVIS v. JANIN et al.

Where in an action on a note for the price of a slave, defendant alleges that the slave was un-sound at the time of the sale, and has since died of the disease with which he was then affected, the burthen is on defendant to show that he took such care of the slave as a prudent father of a family would have done, and that a physician was employed by him to attend to the slave during his sickness.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge, J., Moise* and *W. M. Randolph*, for the appellant.   *M. Taylor*, for the defendants.   The judgment of the court was pronounced by

ROST, J.   This is an action instituted to recover the amount of a note given for the price of a slave sold to the defendants.   They resist the claim on the grounds that, at the time of and before the date of the sale, the slave was addicted to running away—that he was unsound, and has died of the diseases with which he was then afflicted.   This defence prevailed in the court below, and the plaintiff has appealed.

The plaintiff denies the redhibitory vices and maladies alleged; but avers that if they had existed, they could not, under the facts of the case, avail the defendants: that the said defendants were bound to take such care of the slave, which they intended to return, as a prudent father of a family would have taken of him; and that they have failed to show that a physician had been called during his last illness, which endured six weeks.   The plaintiff's counsel has referred us to the case of *Kiper* v. *Nuttall*, 1 Rob. 46, in which a similar omission, on the part of the defendant, was held to be fatal.   The defendant's ar-

gument on this branch of the case is that, the allegation that they did not employ a physician goes to charge them with a culpable omission or breach of duty, and that the plaintiff was bound to prove it, even if the proof had involved a negative. They rely, in support of their position, on the case of *Hicks* v. *Martin*, 9 Martin, 47, and the authorities there cited.

In the case of *Bach* v. *Barrett*, 2 An. p. 955, we thought the burthen of proof, in such cases, on the defendant; and nothing has been shown to induce us to change our opinion. The rule on which *Hicks'* case was decided has reference to duties of a different class from those imposed by charity or humanity.

It is ordered that the judgment in this case be reversed; and that there be judgment in favor of the plaintiff for the sum of $525, with legal interest from the 4th day of February, 1848, till paid, and costs in both courts, including $3 for costs of protest.